UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BRATSET, et al., | No. 2:16-cv-35-GEB-KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| DAVIS JOINT UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

This case was initially commenced by plaintiffs Laura Bratset, as parent on behalf of minor plaintiff M.B., and Laura Bratset, on behalf of herself, proceeding without counsel, against defendants Davis Joint Unified School District ("DJUSD") and Winters Joint Unified School District ("WJUSD") on January 6, 2016. (ECF No. 1.) After the court denied plaintiffs' motion to proceed *in forma pauperis* on March 24, 2016, plaintiffs paid the filing fee on April 5, 2016, and the summons and other civil case documents were issued that same day. (ECF Nos. 3-5.) On April 18, 2016, plaintiffs filed a first amended complaint. (ECF No. 8.) Since the issuance of summons, several motions were filed by various parties to this action. This order resolves those pending motions and other matters.

On May 4, 2016, defendant DJUSD filed a motion to dismiss the action for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 19.)

1  Defendant WJUSD has joined in that motion.  (ECF No. 21.)  Defendants contend that plaintiffs'
2  service of process was insufficient in various respects, including that plaintiff herself attempted to
3  serve the defendants by mail and in person.  It is well established that a party to a lawsuit may not
4  serve process.  See Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a*
5  *party* may serve a summons and complaint.") (emphasis added); see also Cal. Civ. Proc. Code §
6  414.10 ("A summons may be served by any person who is at least 18 years of age and *not a party*
7  *to the action*.") (emphasis added).  "A liberal construction of Rule 4 cannot be utilized as a
8  substitute for the plain requirement as to the manner in which service of process may be had."
9  Reeder v. Knapik, 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007) (citing Mid-Continent Wood
10 Products, Inc. v. Harris, 936 F.2d 297, 300 (7th Cir. 1991)).  In this case, plaintiffs' certificates of
11 service indicate on their face that plaintiff Laura Bratset herself, despite being a party to the
12 action, attempted to complete service of process.  (ECF Nos. 6, 11, 12.)  As such, service of
13 process was plainly insufficient.
14      "Upon deciding that process has not been properly served on the defendant, a district court
15 has broad discretion to either dismiss the complaint or quash service of process."  Surefire, LLC
16 v. Casual Home Worldwide, Inc., 2012 WL 2417313, at *2 (S.D. Cal. Jun. 26, 2012).  "However,
17 if it appears that effective service can be made and there has been no prejudice to the defendant, a
18 court will quash service rather than dismiss the action."  Id.  Here, it appears that effective service
19 on defendants can still be made.  The 90-day period to complete service of process pursuant to
20 Federal Rule of Civil Procedure 4(m) has not yet expired, and the court is unaware of any specific
21 prejudice to the defendants.[1]  As such, the court quashes service of process in lieu of dismissal.

---

[1] Federal Rule of Civil Procedure 4(m) provides, in part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  In this case, although the complaint was filed on January 6, 2016, it was accompanied by a motion to proceed *in forma pauperis*.  The summons was only issued by the Clerk of Court on April 5, 2016, after the court denied the motion to proceed *in forma pauperis* and plaintiff paid the filing fee.  (ECF No. 4.)  Because plaintiff could not have served her complaint without a summons, it appears that the Rule 4(m) 90-day period actually commenced on April 5, 2016, thus requiring plaintiff to complete service of process by July 4, 2016.  Moreover, even if the Rule 4(m) period strictly commenced upon the

1    Defendant WJUSD also filed an alternative motion to dismiss the action pursuant to
2  Federal Rule of Civil Procedure 12(b)(6), as well as to strike improper allegations pursuant to
3  Federal Rule of Civil Procedure 12(f) and for a more definite statement pursuant to Federal Rule
4  of Civil Procedure 12(e).   However, because the court quashes service of process on defendant
5  WJUSD, the court denies that motion without prejudice at this juncture.  Defendant WJUSD may
6  renew its motion if it appears in the action after having been properly served with process.

7    Plaintiffs also filed two motions.  The first is a motion for appointment of counsel.  It is
8  "well-established that there is generally no constitutional right to counsel in civil cases." United
9  States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).  Moreover, although the court is
10  sympathetic to the difficulties faced by *pro se* litigants in litigating their own cases in federal
11  court, the court has extremely limited resources to appoint attorneys in civil cases.  As such,
12  plaintiffs' motion for appointment of counsel is denied.

13    Plaintiffs are advised that, although plaintiff Laura Bratset can prosecute her own claims
14  without counsel, she cannot, as a non-lawyer, represent plaintiff M.B. in federal court.  To be
15  sure, plaintiff Laura Bratset could request to be appointed as guardian ad litem for plaintiff M.B.,
16  but an appointed guardian ad litem would still have to retain a licensed attorney to prosecute
17  claims in federal court on behalf of the minor plaintiff.  See Johns v. County of San Diego, 114
18  F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on
19  behalf of a minor child without retaining a lawyer."); Estate of Laffoon v. Christianson, 2011 WL
20  1743645, at *1 (E.D. Cal. Feb. 22, 2011) ("[A] non-attorney parent or guardian cannot bring a
21  lawsuit in federal court on behalf of a minor or incompetent without retaining a lawyer.  This is so
22  because the minor's right to trained legal assistance is greater than the parent's right to appear pro
23  se.").

24    In her motion for appointment of counsel, plaintiff Laura Bratset indicated that she has
25  already made extensive efforts to obtain counsel, which were unsuccessful.  Nevertheless, out of
26  abundance of caution, the court grants plaintiffs an additional period of time until June 30, 2016,

---

28  filing of plaintiff's complaint, the court finds good cause to extend the time for completion of
service of process until July 4, 2016.

3

to obtain counsel for plaintiff M.B.  No later than June 30, 2016, plaintiff M.B. shall appear through a licensed attorney and file a request for appointment of an appropriate guardian ad litem in accordance with Local Rule 202 and Federal Rule of Civil Procedure 17.[2]  Failure to do so will result in dismissal of plaintiff M.B.'s claims without prejudice.

Finally, plaintiffs' second motion is a "motion requesting pendent placement."  That motion essentially requests a court order requiring defendants to maintain plaintiff M.B.'s current educational placement and services pending resolution of this case.  However, because plaintiffs have not yet properly served defendants with process, the court lacks the requisite personal jurisdiction over the defendants to even conceivably enter such an order.  See Omni Capital Int'l, Ltd. v. Wolff & Co., Ltd., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  Therefore, the court denies plaintiffs' motion without prejudice, and without expressing any opinion concerning the merits of the motion.  Plaintiffs are free to renew such a motion once defendants have been properly served with process and have appeared in the action, whereupon defendants will also have an opportunity to oppose such requested relief, if they elect to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant DJUSD's motion to dismiss the action for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), in which defendant WJUSD joined, is GRANTED IN PART and DENIED IN PART.
2. Service of process on defendants DJUSD and WJUSD is QUASHED.
3. Plaintiffs shall complete proper service of process on defendants no later than July 4, 2016.
4. Defendant WJUSD's motion pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), and 12(f) is DENIED WITHOUT PREJUDICE.
5. The June 9, 2016 hearing on defendants' motions is VACATED as moot.

---

[2] Of course, that attorney may, but need not, agree to also represent plaintiff Laura Bratset.

4

6. Plaintiffs' motion for appointment of counsel is DENIED.

7. No later than June 30, 2016, plaintiff M.B. shall appear through a licensed attorney and file a request for appointment of an appropriate guardian ad litem in accordance with Local Rule 202 and Federal Rule of Civil Procedure 17.

8. Plaintiff's motion requesting pendent placement is DENIED WITHOUT PREJUDICE.

9. This order resolves ECF Nos. 9, 10, 13, 15, and 19.

IT IS SO ORDERED.

Dated:  May 17, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE