UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BRATSET, et al., | No. 2:16-cv-0035 GEB DB PS |
| Plaintiffs, | |
| v. | ORDER |
| DAVIS JOINT UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

On July 12, 2016, the previously assigned Magistrate Judge took defendants' motions to dismiss under submission.[1] Having considered the parties' arguments, for the reasons stated below, defendants' motions to dismiss will be granted and plaintiff will be granted leave to file a second amended complaint.

BACKGROUND

Plaintiff Laura Bratset, proceeding pro se, commenced this action on January 6, 2016, by filing a complaint and an application to proceed in forma pauperis.[2] (ECF No. 1.) Plaintiff's application to proceed in forma pauperis was denied on March 24, 2016, and on April 5, 2016,

---

[1] This action was reassigned to the undersigned on August 3, 2016. (ECF No. 42.)
[2] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   plaintiff paid the applicable filing fee.  (ECF Nos. 3 & 4.)  On April 18, 2016, plaintiff filed an
2   amended complaint.  (ECF No. 8.)
3         On May 4, 2016, defendant Winters Joint Unified School District, ("WJUSD"), filed a
4   motion to dismiss, claiming that Plaintiff's service of process was insufficient and that this Court
5   lacks subject matter jurisdiction over causes of action numbers 2, 3, 6 and 9.  (ECF No. 13.)  That
6   same day defendant Davis Joint Unified School District, ("DJUSD"), also filed a motion to
7   dismiss claiming that service of process was insufficient.  (ECF No. 19.)  On May 17, 2016, the
8   previously assigned Magistrate Judge granted those motions, in part, quashed the service of
9   process on the defendants, and ordered plaintiff to properly serve defendants by July 4, 2016.
10  (ECF No. 22.)
11        On June 13, 2016, defendant DJUSD again filed a motion to dismiss plaintiff's amended
12  complaint pursuant to Rule 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure again
13  claiming that service of process was insufficient and that causes of action 3 and 6 should be
14  dismissed as this Court lacks jurisdiction and that causes of action 2 and 9 should be dismissed as
15  Plaintiff failed to state a cause of action .  (ECF No. 26.)  On June 14, 2016, defendant WJUSD
16  again moved to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(5), 12(b)(6), 12(e),
17  and 12(f) of the Federal Rules of Civil Procedure, claiming that service of process was
18  insufficient and that the amended complaint fails to state a claim for which relief can be granted,
19  among other issues.  (ECF No. 28.)  Plaintiff filed oppositions to the motions on June 23, 2016.
20  (ECF Nos. 29 & 33.)  Defendant WJUSD filed a reply on July 13, 2016.  (ECF No. 40.)
21                                          STANDARDS
22  I.    <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)</u>
23        Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by
24  motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific
25  claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may
26  either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the
27  existence of subject matter jurisdiction in fact."  <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>,
28  594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(5)

Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5). If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant. See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such

circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

III.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

IV.   Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191.  A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim."  Id.

////

IV.     Legal Standards Applicable to Motions to Strike Pursuant to Rule 12(f)

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992). Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. Fantasy, Inc., 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court. Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[3]

ANALYSIS

I.      Service of Summons

"[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-45 (1946). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons

---

[3] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted. Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should therefore not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

1   must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104
2   (1987).

3   Moreover, although a defendant's appearance to attack sufficiency of service is an
4   admission that the defendant has actual knowledge of the lawsuit, actual knowledge does not
5   substitute for proper service of process. See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S.
6   97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must
7   be more than notice to the defendant and a constitutionally sufficient relationship between the
8   defendant and the forum."); Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir. 1988)
9   (service fails unless defendant returns acknowledgment form); accord Grand Entm't Group, Ltd.
10  v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) ("Notice to a defendant that he has
11  been sued does not cure defective service, and an appearance for the limited purpose of objecting
12  to service does not waive the technicalities of the rule"); Jackson v. Hayakawa, 682 F.2d 1344,
13  1347 (9th Cir. 1982) ("Neither actual notice . . . nor simply naming the person in the caption of
14  the complaint . . . will subject defendants to personal jurisdiction if service was not made in
15  substantial compliance with Rule 4.").

16  When a defendant challenges service, the plaintiff bears the burden of establishing the
17  validity of service as governed by Rule 4 of the Federal Rules of Civil Procedure. See
18  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 provides that a California public
19  school district may be properly served by:

>   (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
>   (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

23  Fed. R. Civ. P. 4(j)(2). California law permits service of a summons by first-class mail, but
24  requires that the mailing include not only a copy of the summons and of the complaint, but also
25  two copies of the notice and acknowledgment, and a return envelope, postage prepaid, addressed
26  to the sender. See Cal. Code Civ. P. § 415.30.

27  Here, defendants argue, and plaintiff does not dispute, that plaintiff neither delivered a
28  copy of the summons and complaint on either of the defendants' chief executive officers, nor

complied with all the requirements of California Code of Civil Procedure § 415.30. Specifically, it appears plaintiff failed to include a copy of the notice and acknowledgment, along with a prepaid return envelope when she mailed a copy of the amended complaint to the defendants. (Def.'s MTD (ECF No. 28-1) at 17.)

Under such circumstances the court has discretion to either dismiss or retain the action. See S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006); Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976). "'Generally service will be quashed in those cases in which there is a reasonable prospect that the plaintiff will be able to serve the defendant properly.'" Crayton v. Rochester Medical Corp., No.1:07-CV-01318-OWW-GSA, 2008 WL 3367604, at *5 (E.D. Cal. Aug. 8, 2008) (quoting Wishart v. Agents for Int'l Monetary Fund I.R.S., No. C-95-20178 SW, 1995 WL 494586, at *2 (N.D. Cal. Aug. 14, 1995).

Here, the undersigned finds that dismissal of the action is not justified under Rule 12(b)(5) and will instead merely quash the insufficient service of the defendants. See Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Specifically, the undersigned finds that there is a reasonable prospect that plaintiff will be able to properly serve the defendants and that the defendants have not been prejudiced by the insufficient service. Id.; see also United Food & Commercial Workers Union, Locals 197 v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984) (noting that technical defects in service of process do not justify dismissal unless actual prejudice is shown).

II.     The Amended Complaint

Defendants' motions argue, persuasively, that plaintiff's amended complaint is deficient in several respects. Each of the defendants' arguments will be addressed in turn.

    A.   Pro Se Representation of Minor MB

First, the amended complaint states that it is brought by plaintiff "Laura Bratset and Laura Bratset, parent on behalf of [minor] MB," for causes of action including, but not limited to, violation of the Individuals with Disabilities Educations Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. (Am. Compl. (ECF No. 8) at 1.)

////

1    However, the right to represent oneself pro se is personal to the plaintiff and does not
2    extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also
3    Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona
4    has no authority to represent anyone other than himself.")  Thus, "a parent or guardian cannot
5    bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San
6    Diego, 114 F.3d 874, 877 (9th Cir. 1997).

7    Nonetheless, the "IDEA includes provisions conveying rights to parents as well as to
8    children." Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516, 529 (2007);
9    see also Chambers ex rel. Chambers v. School Dist. Of Philadelphia Bd Of Educ., 587 F.3d 176,
10   183 (3rd Cir. 2009) ("Under Winkelman, therefore, parents undoubtedly have substantive rights
11   under the IDEA that they may enforce by prosecuting claims brought under that statute on their
12   own behalf."); Simon v. Hartford Life, Inc., 546 F.3d 661, 666 (9th Cir. 2008) ("Based on the
13   statutory scheme, Winkelman held that parents have their own, enforceable right under the IDEA
14   to the substantive adequacy of their child's education; therefore, parents may prosecute IDEA
15   claims on their own behalf.").

16   In this regard, plaintiff may only proceed pro se on her own behalf and may not represent
17   the minor MB.  As explained below, plaintiff will be granted leave to file a second amended
18   complaint.  If plaintiff files a second amended complaint while proceeding pro se, her second
19   amended complaint should reflect that she is proceeding in this action only on her own behalf.

20   B.   Plaintiff's Failure to State a Claim

21   Second, the minimum requirements for a civil complaint in federal court are as follows:

22   > A pleading which sets forth a claim for relief . . . shall contain (1) a
23   > short and plain statement of the grounds upon which the court's
24   > jurisdiction depends . . . , (2) a short and plain statement of the
     > claim showing that the pleader is entitled to relief, and (3) a demand
     > for judgment for the relief the pleader seeks.

25   Fed. R. Civ. P. 8(a).

26   Here, plaintiff's amended complaint fails to contain a short and plain statement of a claim
27   showing that she is entitled to relief.  In this regard, the amended complaint does not set forth
28   clear and distinct causes of action.  Instead, the amended complaint contains a two-page

9

"STATEMENT OF THE ISSUES" and a roughly sixteen-page narrative under the heading of "COMPLAINTS." (Am. Compl. (ECF No. 8) at 8, 17.[4]) From this, it is difficult to discern exactly what discrete issues or conduct, and of which defendant, plaintiff is challenging.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

C.   Remaining Deficiencies of the Amended Complaint

Finally, several of the amended complaint's specific allegations are deficient. In this regard, the amended complaint alleges a violation of "18 U.S.C. § 1519." (Am Compl. (ECF No. 8) at 7.) That statute, however, is a federal criminal statute that does not provide a private right of action. See Peavey v. Holder, 657 F.Supp.2d 180, 190 (D. D.C. 2009) ("to date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action").

The amended complaint also cites to 42 U.S.C. § 1983. (Am. Compl. (ECF No. 8) at 29.) In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

School districts in California are state agencies for purposes of the Eleventh Amendment. See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251-54 (9th Cir. 1992). Accordingly, "school districts in California are immune from § 1983 claims by virtue of Eleventh Amendment immunity." Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009) (citing Belanger, 963 F.2d at 254); see also C.W. v. Capistrano Unified School Dist., 784 F.3d 1237, 1247 (9th Cir. 2015) ("It is well-established that a school district cannot be sued for damages under § 1983."); Jones ex rel. C.J. v. Beverly Hills Unified Sch. Dist., 505 Fed. Appx. 667, 668 (9th Cir. 2013) ("To the extent that Jones alleged § 1983 claims in the operative complaint, dismissal of those claims was proper because they are barred by the Eleventh Amendment."); Cole v. Oroville Union High School Dist., 228 F.3d 1092, 1100 (9th Cir. 2000) ("California school districts are state agencies and thus immune from damage suits under the Eleventh Amendment.").

////

1   Moreover, in addition to challenging "the ALJ's decision," the amended complaint
2   includes claims that "are outside the jurisdiction of the OAH," and "which took place after the
3   OAH First Amended Complaint dated August 31, 2015 . . . ." (Am. Compl. (ECF No. 8) at 6-7.)
4   However, prior to filing an action in this court a plaintiff seeking relief available under the IDEA
5   must first exhaust the IDEA's administrative remedies. 20 U.S.C. § 1415(l) ("before the filing of
6   a civil action under such laws seeking relief that is also available under this subchapter, the
7   procedures under subsections (f) and (g) shall be exhausted to the same extent as would be
8   required had the action been brought under this subchapter").

9   The requirement of exhaustion allows for "the exercise of discretion and educational
10  expertise by state and local agencies," and affords state and local agencies "the first opportunity
11  to correct shortcomings in their educational programs." Payne v. Peninsula Sch. Dist., 653 F.3d
12  863, 875-76 (9th Cir. 2011) (quoting Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303
13  (9th Cir. 1992), *overruled on other grounds by* Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir.
14  2014) (*en banc*). The exhaustion requirement of § 1415(l) applies to all claims for relief that are
15  also available under the IDEA. The Ninth Circuit has articulated a relief-centered approach for
16  analyzing the applicability of § 1415(l) wherein a district court considers: "whether a plaintiff
17  seeks (1) monetary relief as the 'functional equivalent' of a remedy available under the IDEA, (2)
18  'prospective injunctive relief to alter an IEP or the educational placement of a disabled student,'
19  or (3) 'to enforce rights that arise as a result of a denial' of a FAPE." C.O. v. Portland Pub. Schs.,
20  679 F.3d 1162, 1168 (9th Cir. 2012) (quoting Payne, 653 F.3d at 875). "Ultimately, § 1415(l) is
21  designed to channel requests for a FAPE (and its incidents) through IDEA-prescribed
22  procedures." Payne, 653 F.3d at 882.

23  Accordingly, for the reasons stated above, plaintiff's amended complaint must be
24  dismissed.

25  LEAVE TO AMEND

26  The undersigned has carefully considered whether plaintiff could further amend the
27  complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to
28  amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.

Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot say that it appears beyond doubt that granting leave to amend would be futile. Plaintiff, therefore, is granted leave to file a second amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any second amended complaint plaintiff may elect to file, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is cautioned that any second amended

13

complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

    1. Service of process on defendants DJUSD and WJUSD is quashed;

    2. Defendants' June 13, 2016 motion to dismiss (ECF No. 26) and June 14, 2016 motion to dismiss (ECF No. 28) are granted;

    3. Plaintiff's April 18, 2016 amended complaint (ECF No. 8) is dismissed with leave to amend;

    4. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[5] The amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint.";

    5. Plaintiff shall complete proper service on the defendants within twenty-eight days of the filing of any second amended complaint; and

    6. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  December 9, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bratset0035.mtd.ord

---

[5] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.