UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BRATSET, et al., | No. 2:16-cv-0035 GEB DB PS |
| Plaintiffs, | |
| v. | ORDER |
| DAVIS JOINT UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

This action came before the court on June 30, 2017, for hearing of defendants' motions to dismiss.[1] (ECF Nos. 55 & 56.) Also addressed at the June 30, 2017 hearing was plaintiff's May 15, 2017 motion to include new IDEA violations. (ECF No. 54.) Plaintiff Laura Bratset appeared in person on her own behalf. Attorney Marlon Wadlington appeared telephonically on behalf of defendant Davis Joint Unified School District ("DJUSD"). Attorney David Mishook appeared telephonically on behalf of defendant Winters Joint Unified School District ("WJUSD").

////

////

---

[1] Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

# I. Plaintiff's Motion to Include Additional IDEA Violations

Plaintiff's May 15, 2017 motion to include additional IDEA violations in the second amended complaint was not noticed for a hearing before the undersigned as required under Local Rule 230(b) which states that "all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge." Moreover, Local Rule 220 requires that every pleading be "complete in itself without reference to the prior or superseded pleading."

In this regard, plaintiff cannot simply add new violations to her second amended complaint in a separate document. Instead, plaintiff would have to amend the second amended complaint. To amend the second amended complaint, plaintiff would need to comply with Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"). Under Rule 15, a party "may amend its pleading once as a matter of course" if they do so "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). A party may also amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Thus, if plaintiff wishes to add new allegations to the second amended complaint, plaintiff must either obtain defendants' consent to file a third amended complaint or file a motion seeking leave to file a third amended complaint. That motion should be noticed for hearing before the undersigned in compliance with Local Rule 230 and should include a copy of plaintiff's proposed third amended complaint pursuant to Local Rule 137(c).[2] Accordingly, plaintiff's motion to include new IDEA violations will be denied.

# II. DJUSD's Motion to Dismiss

With respect to defendant DJUSD's motion to dismiss, DJUSD seeks dismissal pursuant to Rule 12(b)(5) for plaintiff's failure to properly serve process on DJUSD.[3] (DJUSD's MTD

---

[2] To the extent plaintiff intends to allege additional IDEA claims, plaintiff should consider whether those claims have been exhausted. See K.M. ex rel. Bright v. Tustin Unified School Dist., 725 F.3d 1088, 1097 (9th Cir. 2013) ("the IDEA does not foreclose any additional constitutional or federal statutory claims that children with disabilities may have, so long as they first exhaust their IDEA claims through the IDEA administrative process.").

[3] DJUSD also seeks dismissal pursuant to Rule 12(b)(1). Because the undersigned will grant DJUSD's motion to dismiss pursuant to Rule 15(b)(5), the undersigned will not reach this argument. See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural

(ECF No. 56) at 10.) Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Federal Rule of Civil Procedure 4 for serving a defendant. Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4 of the Federal Rules of Civil Procedure. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Here, plaintiff has provided a signed return of service. (ECF No. 53.) "'A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'" S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1166 (9th Cir. 2007) (quoting O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)). "The burden of producing strong and convincing evidence to rebut this presumption cannot be met by a mere conclusory denial of service." Freeman v. ABC Legal Services Inc., 827 F.Supp.2d 1065, 1075 (N.D. Cal. 2011).

Here, DJUSD has provided a declaration from Pamela Gilleste, the individual plaintiff served, establishing the Gilleste is a secretary for the DJUSD in the special education department and is "not authorized to accept service on behalf of DJUSD as a secretary in the special education department." (Gilleste Decl. (ECF No. 56-1) at 2.) Rule 4(j) of the Federal Rules of Civil Procedure provides that a state may be sued by: (A) delivering a copy of the summons and complaint to the CEO; or (2) by any manner prescribed by state law.

Moreover, California Code of Civil Procedure § 416.50 provides that:

> (a) A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body.
>
> (b) As used in this section, "public entity" includes the state and any office, department, division, bureau, board, commission, or agency of the state, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in this state.

////

---

requirement of service of summons must be satisfied.").

3

1 | Additionally, while California Code of Civil Procedure provides for substitute service (e.g., Cal. Code Civ. P. §§ 415.20 & 415.30), here there is no indication that DJUSD was also served with copies of the summons and complaint via U.S. Mail.

Nonetheless, if the court determines that a plaintiff has not properly served the defendant the court has discretion to either dismiss or retain this action. See S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2nd Cir. 1985); Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976). "'Generally service will be quashed in those cases in which there is a reasonable prospect that the plaintiff will be able to serve the defendant properly.'" Crayton v. Rochester Medical Corp., No.1:07-CV-01318-OWW-GSA, 2008 WL 3367604, at *5 (E.D. Cal. Aug. 8, 2008) (quoting Wishart v. Agents for Int'l Monetary Fund I.R.S., No. C-95-20178 SW, 1995 WL 494586, at *2 (N.D. Cal. Aug. 14, 1995). And "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint . . . ." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).

Here, it appears that plaintiff employed a process server and successfully served the WJUSD. In this regard, the undersigned finds that there is a reasonable prospect that plaintiff will be able to properly serve DJUSD. Moreover, DJUSD has not been prejudiced by the insufficient service. See Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992); United Food & Commercial Workers Union, Locals 197 v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984) (noting that technical defects in service of process do not justify dismissal unless actual prejudice is shown).

Accordingly, the undersigned will grant DJUSD's motion pursuant to Rule 12(b)(5), quash service on DJUSD, retain this action, and grant plaintiff an extension of time to complete service on DJUSD.

////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 15, 2017 motion to include new IDEA violations (ECF No. 54) is denied;

2. Defendant DJUSD's May 19, 2017 motion to dismiss (ECF No. 56) is granted in part as discussed above;

3. Service of process on defendant DJUSD is quashed;

4. Within twenty-eight (28) days of the date of this order plaintiff shall complete proper service of process on defendant DJUSD;

5. Seven days after completing service of process on defendant DJUSD plaintiff shall file proof of service on DJUSD; and

6. Defendant WJUSD's May 19, 2017 motion to dismiss (ECF No. 55) is taken under submission.

Dated: June 30, 2017

/s/ Deborah Barnes

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bratset0035.oah.063017

5