UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BRATSET, et al., | No. 2:16-cv-0035 GEB DB PS |
| Plaintiffs, | |
| v. | ORDER |
| DAVIS JOINT UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiff, Laura Bratset, is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On July 20, 2017, plaintiff filed a request to seal documents and a request for the appointment of counsel. (ECF No. 68.)

In evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). A request to seal material

must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097-1101.

Here, the material at issue is at most tangentially related to the merits of this case, as the documents plaintiff seeks to have filed under seal concern plaintiff's request for the appointment of counsel. Moreover, the undersigned finds good cause to file the documents under seal as the documents concern plaintiff's sensitive financial information. Accordingly, plaintiff's request to file documents under seal will be granted.

However, with respect to plaintiff's request for the appointment of counsel, plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, plaintiff's application to proceed in forma pauperis was denied and plaintiff has paid the applicable filing fee. (ECF No. 3.) Moreover, at this stage of the proceedings, the undersigned finds that plaintiff's likelihood of success on the merits and ability to articulate her claims does not satisfy the test for exceptional circumstances. Accordingly, plaintiff's request for the appointment of counsel will be denied.

////
////
////
////

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 20, 2017 request to file documents under seal (ECF No. 68) is granted; and

2. Plaintiff's July 20, 2017 request for the appointment of counsel (ECF No. 68) is denied.

Dated: August 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bratset0035.seal.aoc.ord