1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAURA BRATSET, et al.,                    No.  2:16-cv-0035 GEB DB PS

12                  Plaintiffs,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   DAVIS JOINT UNIFIED SCHOOL
     DISTRICT, et al.,
15

16                  Defendants.

17

18        This action came before the undersigned on June 30, 2017, for hearing of defendant

19   Winters Joint Unified School District's ("WJUSD") motion to dismiss plaintiff's second amended

20   complaint pursuant to Rules 12(b)(6), 12(e), and 12(f) of the Federal Rules of Civil Procedure.[1]

21   Plaintiff's second amended complaint alleges that the defendant violated the Individuals with

22   Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, with respect to the education of

23   her minor child, M.B.

24        Plaintiff Laura Bratset appeared in person at the June 30, 2017 hearing on her own behalf.

25   Attorney David Mishook appeared telephonically on behalf of defendant WJUSD.  After hearing

26   oral argument, defendant's motion was taken under submission.

27
     ───────────────────
28   [1] Plaintiff is proceeding pro se in this action.  Therefore, the matter was referred to the
     undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                            1

For the reasons stated below, the undersigned will recommend that defendant's motion to dismiss be granted in part and denied in part.

PROCEDURAL BACKGROUND

Plaintiff Laura Bratset, proceeding pro se, commenced this action on January 6, 2016, by filing a complaint and an application to proceed in forma pauperis. (ECF No. 1.) Plaintiff's application to proceed in forma pauperis was denied on March 24, 2016, and on April 5, 2016, plaintiff paid the applicable filing fee. (ECF Nos. 3 & 4.) On April 18, 2016, plaintiff filed a first amended complaint. (ECF No. 8.) On December 12, 2016, the undersigned issued an order dismissing plaintiff's first amended complaint and granting plaintiff leave to file a second amended complaint. (ECF No. 44.)

Plaintiff filed a second amended compliant on April 27, 2017. (ECF No. 50.) Defendant WJUSD filed the pending motion to dismiss on May 19, 2017. (ECF No. 55.) Plaintiff filed an opposition on May 31, 207. (ECF No. 58.) Defendant WJUSD filed a reply on June 9, 2017. (ECF No. 59.)

STANDARDS

I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

1    United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

2    stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

3    520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

4    form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

5    Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

6    an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

7    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

8    elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

9    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

10   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

11   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

12   not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

13   459 U.S. 519, 526 (1983).

14        In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

15   to consider material which is properly submitted as part of the complaint, documents that are not

16   physically attached to the complaint if their authenticity is not contested and the plaintiff's

17   complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

18   250 F.3d 668, 688-89 (9th Cir. 2001).

19   II.    Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule

20   12(e)

21        Federal Rule of Civil Procedure 12(e) provides:

22             A party may move for a more definite statement of a pleading to
             which a responsive pleading is allowed but which is so vague or
23             ambiguous that the party cannot reasonably prepare a response.
             The motion must be made before filing a responsive pleading and
24             must point out the defects complained of and the details desired.  If
             the court orders a more definite statement and the order is not
25             obeyed within 14 days after notice of the order or within the time
             the court sets, the court may strike the pleading or issue any other
26             appropriate order.

27   Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a

28   pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant

3

can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

III.    Legal Standards Applicable to Motions to Strike Pursuant to Rule 12(f)

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992). Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. Fantasy, Inc., 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

4

1    Ultimately, whether to grant a motion to strike applying these standards lies within the

2    sound discretion of the district court.  Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of

3    Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[2]

4    IV.    The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

5            The goal of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et

6    seq., is "'to ensure that all children with disabilities have available to them a free appropriate

7    public education [or 'FAPE'] that emphasizes special education and related services designed to

8    meet their unique needs and prepare them for further education, employment, and independent

9    living.'" A.G. v. Paradise Valley Unified School Dist. No. 69, 815 F.3d 1195, 1202 (9th Cir.

10   2016) (quoting Mark H. v. Lemahieu, 513 F.3d 922, 928 (9th Cir. 2008)).  "The IDEA provides

11   for a cooperative process between parents and schools that culminates in the creation of an

12   [Individualized Education Plan "IEP"] for every disabled student."  M.M. v. Lafayette School

13   Dist., 767 F.3d 842, 851 (9th Cir. 2014).  "The IEP must be reasonably calculated to provide the

14   student with some educational benefit, although the IDEA does not require school districts to

15   provide special education students with the best education available, or provide instruction

16   services that maximize a student's abilities."  Covington v. Yuba City Unified School Dist., 780

17   F.Supp.2d 1014, 1020 (E.D. Cal. 2011) (citing Board of Educ. of Hendrick Hudson Central

18   School Dist., Westchester County v. Rowley, 458 U.S. 176, 198-200 (1982)).

19                                              ANALYSIS

20   I.    Plaintiff Laura Bratset's Attempt to Proceed on Behalf of Minor M.B.

21           Defendant's motion to dismiss argues that plaintiff's second amended complaint must be

22   dismissed because plaintiff Laura Bratset may not represent her minor child pro se.  (Def.'s MTD

23   (ECF No. 55-1) at 11.[3])  In this regard, plaintiff's second amended complaint asserts that it is

24   _____

25   [2] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted.  Bureerong v.
     Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996).  A motion to strike should therefore not be
26   granted unless it is absolutely clear that the matter to be stricken could have no possible bearing
     on the litigation.  Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

27
     [3] Page number citations such as this one are to the page number reflected on the court's CM/ECF
28   system and not to page numbers assigned by the parties.

                                                  5

brought by plaintiff "Laura Bratset and, Laura Bratset, parent on behalf of MB." (Sec. Am. Compl. (ECF No. 50) at 1.)

The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.") Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

Nonetheless, the "IDEA includes provisions conveying rights to parents as well as to children." Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516, 529 (2007); see also E.M. v. New York City Dept. of Educ., 758 F.3d 442, 451 (2nd Cir. 2014) ("parents have standing to pursue IDEA claims on behalf of their child or on their own behalf"); Chambers ex rel. Chambers v. School Dist. Of Philadelphia Bd Of Educ., 587 F.3d 176, 183 (3rd Cir. 2009) ("Under Winkelman, therefore, parents undoubtedly have substantive rights under the IDEA that they may enforce by prosecuting claims brought under that statute on their own behalf."); Simon v. Hartford Life, Inc., 546 F.3d 661, 666 (9th Cir. 2008) ("Based on the statutory scheme, Winkelman held that parents have their own, enforceable right under the IDEA to the substantive adequacy of their child's education; therefore, parents may prosecute IDEA claims on their own behalf."); Beckwith v. District of Columbia, 208 F.Supp.3d 34, 46 (D. D.C. 2016) ("Parental rights under the IDEA are not merely derivative of students' rights.").

Accordingly, plaintiff Laura Bratset should be permitted to proceed on her claims under the IDEA.

II.    Defendant WJUSD's Motion to Dismiss

Defendant's motion to dismiss argues that, like plaintiff's prior pleadings, the second amended complaint "simply repeats Plaintiffs' prior allegations with more verbiage." (Def.'s MTD (ECF No. 55-1) at 13.) In this regard, defendant correctly states that the second amended complaint again asserts an alleged violation of "18 U.S.C. § 1519" despite the fact that plaintiff was previously advised that 18 U.S.C. § 1519 is a federal criminal statute that does not provide a

private right of action. (Dec. 12, 2016 order (ECF No. 44) at 10; Sec. Am. Compl. (ECF No. 50) at 8, 32; Def.'s MTD (ECF No. 55-1) at 15; see also Peavey v. Holder, 657 F.Supp.2d 180, 190 (D. D.C. 2009) ("to date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action")).

The second amended complaint also cites to 42 U.S.C. § 1983. (Sec. Am. Compl. (ECF No. 50) at 32.) In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

7

School districts in California are state agencies for purposes of the Eleventh Amendment. See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251-54 (9th Cir. 1992). Accordingly, "school districts in California are immune from § 1983 claims by virtue of Eleventh Amendment immunity." Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009) (citing Belanger, 963 F.2d at 254); see also C.W. v. Capistrano Unified School Dist., 784 F.3d 1237, 1247 (9th Cir. 2015) ("It is well-established that a school district cannot be sued for damages under § 1983."); Jones ex rel. C.J. v. Beverly Hills Unified Sch. Dist., 505 Fed. Appx. 667, 668 (9th Cir. 2013) ("To the extent that Jones alleged § 1983 claims in the operative complaint, dismissal of those claims was proper because they are barred by the Eleventh Amendment."); Cole v. Oroville Union High School Dist., 228 F.3d 1092, 1100 (9th Cir. 2000) ("California school districts are state agencies and thus immune from damage suits under the Eleventh Amendment.").

However, as defendant's motion to dismiss acknowledges, "[t]he cornerstone of this litigation is Plaintiffs' appeal of the December 8, 2015, Decision by [Office of Administrative Hearings "OAH"] ALJ Alexa J. Hohensee's (sic), following a three day evidentiary hearing between the parties to this suit." (Def.'s MTD (ECF No. 55-1) at 13.) Consistent with defendant's characterization, the second amended complaint states that plaintiff "wish[es] to request review of the ALJ's decision dated December 8, 2015 for OAH Case No 2015080259." (Sec. Am. Compl. (ECF No. 50) at 10.)

In this regard, prior to filing an action in this court a plaintiff seeking relief available under the IDEA must first exhaust the IDEA's administrative remedies. 20 U.S.C. § 1415(l) ("before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter"). The requirement of exhaustion allows for "the exercise of discretion and educational expertise by state and local agencies," and affords state and local agencies "the first opportunity to correct shortcomings in their educational programs." Payne v. Peninsula Sch. Dist., 653 F.3d 863, 875-76 (9th Cir. 2011) (quoting Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303 (9th Cir. 1992), *overruled on other grounds by* Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (*en banc*).

"In the event a student's parents believe that the district is not complying with the IDEA's procedural or substantive requirements, statutory safeguards entitle the parents to 'an impartial due process hearing' conducted either by the state or local educational agency.'"[4] Cupertino Union School District v. K.A., 75 F.Supp.3d 1088, 1091 (N.D. Cal. 2014) (quoting Ojai Unified School Dist. V. Jackson, 4 F.3d 1467, 1469 (9th Cir. 1993)). "Any party aggrieved by the findings and decision" reached by a due process hearing decision "shall have the right to bring a civil action with respect to the complaint . . . in a district court of the United States." 20 U.S.C. § 1415(i)(2).

After the commencement of such a civil action, the court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." Id. "[C]omplete de novo review of the administrative proceeding is inappropriate." Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 817 (9th Cir. 2007). "[T]he burden of persuasion rests with the party challenging the ALJ's decision." L.M. v. Capistrano Unified School Dist., 556 F.3d 900, 910 (9th Cir. 2009).

"Because Congress intended states to have the primary responsibility of formulating each individual child's education, this court must defer to their 'specialized knowledge and experience' by giving 'due weight' to the decisions of the states' administrative bodies.'" Hood v. Encinitas Union School Dist., 486 F.3d 1099, 1104 (9th Cir. 2007) (quoting Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist., 267 F.3d 877, 888 (9th Cir. 2001)). "'How much deference to give state educational agencies, however, is a matter for the discretion of the courts.'" J.W. ex rel. J.E.W. v. Fresno Unified School Dist., 626 F.3d 431, 438 (9th Cir. 2010) (quoting Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987)). Nonetheless, the amount of deference given should increase when the administrative decision is "'thorough and careful[.]'" Ashland School Dist. v. Parents of Student R.J., 588 F.3d 1004, 1008-09 (9th Cir. 2009) (quoting Seattle School

---

[4] In California, these due process hearings are conducted by the OAH, a state agency independent of the Department of Education. See M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1085, 1092 (9th Cir. 2012); Everett H. ex rel. Havey v. Dry Creek Joint Elementary School Dist., 5 F.Supp.3d 1184, 1187 (E.D. Cal. 2014).

Dist., No. 1 v. B.S., 82 F.3d 1493, 1499 (9th Cir. 1996)); see also Capistrano, 556 F.3d at 908 ("A district court shall accord more deference to administrative agency findings that it considers 'thorough and careful.'"). Moreover, courts "are not free 'to substitute [our] own notions of sound educational policy for those of the school authorities which [we] review.'" Amanda J., 267 F.3d at 887-88 (quoting Rowley, 458 U.S. at 206).

Here, on December 8, 2015, OAH ALJ Alexa J. Hohensee issued a decision after a due process hearing held in response to a complaint filed by plaintiff. (Def.'s Ex. B (ECF No. 28-5) at 1-31.) With respect to defendant WJUSD, the decision addressed:

    1.     Did [WJUSD] fail to offer Student a FAPE in the February 14, 2014, individualized education program by failing to:

        a. Include present levels of academic achievement and functional performance;

        b. Include annual measurable goals relating to the special education services offered;

        c. Include objective strategies to evaluate progress toward goals;

        d. Include a description of how progress toward meeting annual goals would be measured;

        e. Include a statement of when progress reports would be provided;

        f. Consider less restrictive placement options than a special day class;

        g. Offer an appropriate placement in the least restrictive environment; and

        h. Provide a means by which to measure whether or not Student would obtain educational benefit?

    2.     Did [WJUSD] fail to offer Student a FAPE in the February 13, 2015 IEP, completed on April 14, 2015, by failing to:

        a. Consider Student's privately obtained reading assessment;

        b. Offer Student one-to-one instruction as proposed by an independent assessor; and

        c. Include the name of the specific reading program that would be provided?

(Id. at 3-4.)

1    The December 8, 2015 decision denied all of plaintiff's "requests for remedies." (Id. at

2    30.)  The decision, however, advised plaintiff that she had "the right to appeal this Decision to a

3    court of competent jurisdiction within 90 days of receiving it."  (Id. at 31.)  Plaintiff filed this

4    action on January 6, 2016.  (ECF No. 1.)

5    In this regard, defendant's motion to dismiss should be denied as to the second amended

6    complaint's challenge to the December 8, 2015 decision.  Defendant WJUSD's motion to dismiss

7    should be granted as to the remaining claims found in the second amended complaint alleged

8    against defendant WJUSD, and those claims should be dismissed without leave to amend.[5]

9    III.    Defendant Davis Joint Unified School District

10    On July 5, 2017, the undersigned issued an order quashing service of the second amended

11    complaint on defendant Davis Joint Unified School District ("DJUSD").  (ECF No. 67.)  That

12    order also ordered plaintiff to complete proper service of process on defendant DJUSD within

13    twenty-eight days and to file proof of service on defendant DJUSD within seven days of

14    completing proper service.  (Id. at 5.)

15    The twenty-eight day deadline passed without plaintiff filing any proof of an attempt to

16    serve defendant DJUSD.  On November 1, 2017, the undersigned issued an order to show cause

17    ordering plaintiff to show cause in writing as to why this action should not be dismissed for lack

18    of prosecution and why defendant DJUSD should not be dismissed from this action.  (ECF No.

19    71.)  That order advised plaintiff that she could comply with the order to show cause "by filing . .

20    . proof of service on defendant DJUSD."  (Id. at 2.)

21    On November 17, 2017, plaintiff filed a response to the November 1, 2017 order to show

22    cause.  (ECF No. 72.)  Plaintiff's November 17, 2017 response addressed why this action should

23    not be dismissed due to a lack of prosecution.  The response, however, did not address plaintiff's

24

25   [5]  In this regard, given the deficiencies noted above and plaintiff's prior failure to successfully
amend, the undersigned finds that it would be futile to grant plaintiff further leave to amend with

26   respect to the claims that should be dismissed.  See California Architectural Bldg. Prod. v.
Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to

27   amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v.
Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

28   amend shall be freely given, the court does not have to allow futile amendments).

1    further attempts to serve defendant DJUSD, if any, or why defendant DJUSD should not be

2    dismissed from this action.

3       In this regard, despite the passage of five months plaintiff has failed to comply with the

4    order issued July 5, 2017.  Moreover, Rule 4(m) of the Federal Rules of Civil Procedures

5    provides, generally, that a defendant must be dismissed if service of the summons and complaint

6    are not accomplished on the defendant within 90 days after the complaint was filed

7
8
9
> … Rule 4(m) provides two avenues for relief.  The first is mandatory: the district court must extend time for service upon a showing of good cause.  The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

10    Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587

11    F.3d 1188, 1198 (9th Cir. 2009)).

12       Here, plaintiff has failed to attempt to show good cause or excusable neglect for her

13    failure to attempt service on defendant DJUSD in response to the July 5, 2017 order.

14    Accordingly, the undersigned will recommend that defendant DJUSD be dismissed from this

15    action without prejudice due to plaintiff's failure to comply with the court's orders and with Rule

16    4(m).

17                          CONCLUSION

18       Accordingly, IT IS HEREBY RECOMMENDED that:

19       1.  Defendant DJUSD be dismissed from this action without prejudice;

20       2.  Defendant WJUSD's May 19, 2017 motion to dismiss (ECF No. 55) be granted in part

21    and denied in part;

22       3.  Plaintiff Laura Bratset be permitted to proceed on her claims under the IDEA;

23       4.  Defendant WJUSD's motion to dismiss the second amended complaint's challenge to

24    the December 8, 2015 OAH decision be denied;

25       5.  All other claims found in the second amended complaint asserted against defendant

26    WJUSD be dismissed without leave to amend; and

27       6.  Defendant WJUSD be directed to file an answer within fourteen days of the date of any

28    order adopting these findings and recommendations to the second amended complaint's challenge

1    to the December 8, 2015 OAH decision.

2           Within fourteen days after being served with these findings and recommendations, any

3    party may file written objections with the court and serve a copy on all parties.  Such a document

4    should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any

5    reply to the objections shall be served and filed within fourteen days after service of the

6    objections.  The parties are advised that failure to file objections within the specified time may

7    waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

8    1991).

9    Dated:  December 18, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

21   DLB:6
     DB/orders/orders.pro se/bratset0035.mtd.f&rs

13