UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BRATSET, et al., | No. 2:16-cv-0035 KJM DB PS |
| Plaintiffs, | |
| v. | ORDER |
| DAVIS JOINT UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiff, Laura Bratset, is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On April 2, 2018, the undersigned issued a scheduling order setting forth deadlines for the hearing of motions to supplement the record and cross motions for summary judgment. (ECF No. 83.) On April 18, 2018, and May 7, 2018, plaintiff filed a number of motions. (ECF Nos. 84-87 & 89-91.) On May 23, 2018, the undersigned issued an order denying those motions without prejudice for plaintiff's failure to notice the motions for hearing in compliance with Local Rule 230.[1]

////

---

[1] Defendant's May 21, 2018 motion to strike (ECF No. 92) is, therefore, denied without prejudice as having been rendered moot.

1

Despite the guidance provided in the May 23, 2018 order, plaintiff has again filed multiple motions without noticing any of those motions for hearing. Moreover, many of the motions appear to seek relief that the court cannot grant. For example, one motion seeks review of the two-year statute of limitations applicable to claims brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (ECF No. 103.)

Another motion—consisting of two sentences—seeks "Pendent Placement/Stay" for plaintiff's minor child, without any further elaboration or explanation. (ECF No. 105.) Plaintiff has also filed motions to review defendant's motion to dismiss and the court's decision to dismiss the Davis Joint Unified School District from this action. (ECF Nos. 100 & 102.)

As the May 23, 2018 order explained to plaintiff, on December 19, 2017, the undersigned issued findings and recommendations. (ECF No. 73.) Therein, the undersigned recommended that defendant Winters Joint Unified School District's motion to dismiss be granted in part and that the Davis Joint Unified School District be dismissed from this action due to plaintiff's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. (Id. at 12.) Plaintiff did not file any objections to the December 19, 2017 findings and recommendations. Those findings and recommendations were adopted in full by the previously assigned District Judge on February 2, 2018. (ECF No. 75.)

Moreover, plaintiff has filed a motion seeking to supplement the administrative record. (ECF No. 99.) Although that is certainly a permissible motion, the scheduling order issued on April 2, 2018, explained that "[a]ny motion seeking to supplement the record or conduct discovery must be heard before the undersigned on or before August 3, 2018." (ECF No. 83 at 2.) That order also advised the parties to refer to "Local Rule 230, regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar." (Id.) Plaintiff's motion was filed on August 2, 2018, and was not noticed for hearing. (ECF No. 99.) Plaintiff's motion was both untimely, as it could not be heard on or before August 3, 2018, and failed to comply with the Local Rule 230, which requires that such a motion be noticed for hearing.

////

The undersigned is cognizant of the challenges faced by pro se litigants.  Nonetheless, all parties must abide by the Federal Rules of Civil Procedure and the Local Rules of Practice.  Under the current schedule in this action, the time to seek to supplement the record or conduct discovery has closed.  Plaintiff's motion for summary judgment must be filed on or before October 5, 2018.  And plaintiff must file any opposition to defendant's motion for summary judgment on or before October 26, 2018.

If plaintiff wishes to seek a modification of this schedule, plaintiff should first confer with the defendant and seek a stipulation to modify the schedule.  If a stipulation cannot be reached, plaintiff should consult the Federal Rules of Civil Procedure and file a motion, noticed for hearing, that complies with the Federal Rules of Civil Procedure and the Local Rules.  See generally Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motions filed August 2, 2018, and August 3, 2018, (ECF Nos. 100-106) are denied without prejudice for failure to comply with Local Rule 230.[2]

Dated:  September 19, 2018

/s/ Deborah Barnes

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bratset0035.lr230(2).ord

---

[2] Defendant's August 15, 2018 motion to strike (ECF No. 107) is denied without prejudice as having been rendered moot.

3